UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | No. 2:98 CR 37 |
| | ) | |
| RALPH WAYNE ANGLE | ) | |

## OPINION and ORDER

This matter is before the court on defendant Ralph Wayne Angle's motion for modification of the conditions of his supervised release, pursuant to 18 U.S.C. § 3583. (DE ## 378, 390.) For the reasons that follow, the court grants defendant's motion, with relief different than requested.

I. BACKGROUND

Angle was convicted in 1998 of child pornography offenses. (DE # 102.) This court ultimately sentenced Angle to a 300-month term of imprisonment, a five-year term of supervised release, and a $300 special assessment. (DE # 297.) This court imposed standard and special conditions[1] on Angle's supervised release. (*Id.*)

Now, Angle challenges twelve of the conditions of his supervision. (DE # 390.) The United States Probation Office and Government agree that the challenged conditions should be modified, and in two cases, entirely removed. (*See* DE ## 384, 391.) Angle has waived his right to a hearing (DE # 390 at 2), and therefore no hearing is required. *See* Fed. R. Crim. P. 32.1(c)(2).

---

[1] The court notes that there are no longer standard and special conditions of supervision, but rather mandatory and discretionary conditions of supervision.

## II. LEGAL STANDARD

"The point of supervised release is to rehabilitate persons discharged from prison and to assist their law-abiding return to society." *United States v. Neal,* 810 F.3d 512, 519 (7th Cir. 2016). "Protection of the public from further crimes by the defendant is also an important goal of supervised release." *Id.*

Pursuant to 18 U.S.C. § 3583(e)(2), the court has the authority to "modify, reduce, or enlarge the conditions of supervised release, at any time prior to the expiration or termination of the term of supervised release." A defendant may present "substantive challenges that raise real concerns about the offender's and society's prospects of benefitting from a term of supervised release." *Neal*, 810 F.3d at 520. When a condition is reasonably related to a court's sentencing goal, the condition survives substantive challenge. *Id.* at 521. Procedural shortcomings, however, may not be addressed via § 3583(e)(2). A defendant may not use § 3583(e)(2) to argue that a condition was not adequately linked to the offense of conviction or that evidence or other information presented at the original sentencing did not provide sufficient support for imposition of the condition. *Id.* at 520.

## III. ANALYSIS

Section 3583(e)(2) requires courts to consider the eight factors contained in 28 U.S.C. § 3553(a)(1), (a)(2)(B)-(D), (a)(4)-(7) before modifying a defendant's conditions of supervised release. This court has done so, and finds that the modifications identified in this opinion and order are necessary and appropriate in light of these considerations.

A.  *Standard Condition 1*

Standard Condition 1 states, "The defendant shall not leave the judicial district or other specified geographic area without the permission of the Court or Probation Officer." (DE # 297 at 3.) Angle objects to the condition on the basis that it is not reasonably necessary and hinders rehabilitation by, for example, restricting his ability to find work. (DE # 390 at 2.) Angle suggests that the court modify this condition to permit him to travel freely within the state of Indiana without obtaining prior permission. Angle relies on *United States v. Marvin*, 106 F. Supp. 3d 969, 971 (N.D. Ind. 2015) for his argument in favor of unrestricted movement throughout the state. However, in *Marvin*, the defendant lived in a location where areas directly surrounding his home were located in the Southern District of Indiana. *Id.* Here, defendant has made no such argument or showing. The Seventh Circuit has repeatedly upheld a condition restricting a defendant's movement within the judicial district in which he was sentenced. *See e.g. United States v. Gawron*, 929 F.3d 473, 477 (7th Cir. 2019) (citing cases).

The court agrees, however, that the condition could be improved with the addition of a scientier requirement. *See United States v. Jefferson*, 764 F. App'x 551, 552 (7th Cir. 2019). Therefore, the court modifies and replaces Standard Condition 1 with the following:

> "You must not knowingly leave the federal judicial district to which you are released without first getting permission from the court or the probation office. ***(This condition serves the statutory sentencing purposes of public protection and rehabilitation. It also enables the probation officer to: be responsible for the defendant; instruct the defendant as to the conditions of supervision specified by the sentencing court; keep informed***

3

*as to the conduct and condition of the defendant; report the defendant's conduct and condition to the sentencing court; and aid the defendant in bringing about improvements in his conduct and condition. It also allows the probation officer to supervise the defendant by setting boundaries for travel without permission and by keeping the probation officer informed of the defendant's whereabouts. Finally, it allows the probation officer to implement supervision methods demonstrated by social science to be effective at achieving positive outcomes.)"*

B.     *Standard Condition 3*

Standard Condition 3 states, "The defendant shall answer truthfully all inquiries by the Probation Officer and follow the instructions of the Probation Officer." (DE # 297 at 3.) All parties agree that Standard Condition 3 should be modified to reflect Angle's right against self-incrimination. Accordingly, the court modifies and replaces Standard Condition 3 with the following:

> "You must answer truthfully the questions the probation officer asks you related to the conditions of supervision. This condition does not prevent you from invoking your Fifth Amendment privilege against self-incrimination. *(This condition serves the statutory sentencing purposes of public protection and rehabilitation. It also enables the probation officer to satisfy the statutory requirements to: keep informed as to the conduct and condition of the defendant; report the defendant's conduct and condition to the sentencing court; and aid the defendant in bringing about improvements in his conduct and condition. The purpose of this condition is to build positive rapport and facilitate an honest discussion between the probation officer and the defendant. Accurate and complete information about the nature and circumstances of the offense and the history and characteristics of the defendant is necessary to implement effective supervision practices. This condition also promotes the safety of the probation officer by notifying him or her of possible safety threats (e.g., weapons or other occupants in the defendant's home with a history of violence). The probation officer attempts to develop and maintain a positive relationship with the defendant through transparent communication and the implementation of core correctional practices (e.g., active listening, development of problem solving skills, and effective reinforcement). Finally, this condition allows the probation officer to*

4

*implement supervision methods demonstrated by social science to be effective at achieving positive outcomes.)*"

C. *Standard Condition 4*

Standard Condition 4 states, "The defendant shall support his dependents and meet other family responsibilities." (DE # 297 at 3.) All parties agree that this condition is no longer necessary and should be removed. Accordingly, the court removes Standard Condition 4.

D. *Standard Condition 8*

Standard Condition 8 states, "The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered." (DE # 297 at 3.) Angle argues that this condition is vague and overly broad. (DE # 390 at 4.) The court agrees. *See United States v. Kappes*, 782 F.3d 828, 849 (7th Cir. 2015). The court modifies and replaces Standard Condition 8 with the following:

> "You must not go to, or be at any place where you know or reasonably should know controlled substances are illegally sold, used, distributed, or administered without first obtaining the permission of the probation officer. *(This condition serves the statutory sentencing purposes of public protection and rehabilitation. It also prevents the defendant from being in an environment where crimes are occurring, antisocial associates are present, or there is an increased risk of substance abuse. Finally, it enables the probation officer to satisfy the statutory requirements to: keep informed as to the conduct and condition of the defendant; report the defendant's conduct and condition to the sentencing court; and aid the defendant in bringing about improvements in his conduct and condition.)*"

E. *Standard Condition 9*

Standard Condition 9 states, "The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a

felony unless granted permission to do so by the Probation Officer." (DE # 297 at 3.) All parties agree that this condition should be modified to remove the term "associate" and to include a scienter requirement. *See Kappes*, 782 F. 3d at 849. Accordingly, the court modifies and replaces Standard Condition 9 with the following:

> "If you know someone is committing a crime, or is planning to commit a crime, you must not knowingly communicate or interact with that person in any way. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer. ***(This condition serves the statutory sentencing purposes of public protection and rehabilitation. It also enables the probation officer to satisfy the statutory requirement to: keep informed as to the conduct and condition of the defendant; report the defendant's conduct and condition to the sentencing court; and aid the defendant in bringing about improvements in his conduct and condition. Finally, it prevents antisocial relationships, encourages pro-social relationships, provides the defendant with a justification to avoid associating with persons convicted of felonies, and may deter future criminal conduct that may be jointly undertaken with those persons.)***"

F.  *Standard Condition 10*

Standard Condition 10 states, "The defendant shall permit a Probation Officer to visit him at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the Probation Officer." (DE # 297 at 3.) Angle argues that this condition is overly broad, and the court agrees. *See Kappes*, 782 F.3d at 851; *United States v. Armour*, 804 F.3d 859, 870 (7th Cir. 2015). Accordingly, the court modifies and replaces Standard Condition 10 with the following:

> "You must allow the probation officer to visit you at home or at any other reasonable location and you must permit the confiscation of any contraband the probation officer observes in plain view. A visit between the hours of 11:00 p.m. and 7 a.m. shall be conducted only when the probation officer has a reasonable belief that you have violated a

condition of supervision and that a visit during those hours would reveal information or contraband that would not be revealed by a visit at any other time. If you are placed on home detention with location monitoring equipment and the monitoring service alerts the probation officer that either the monitoring equipment has malfunctioned or that you are in noncompliance, you must allow the probation officer to visit you at any time to ensure that the location monitoring equipment is functioning properly and that you are in compliance with your home detention condition. *(This condition serves the statutory sentencing purposes of public protection and rehabilitation. It also enables the probation officer to satisfy the statutory requirements to: keep informed as to the conduct and condition of the defendant; report the defendant's conduct and condition to the sentencing court; and aid the defendant in bringing about improvements in his conduct and condition. Finally, it allows the probation officer to implement effective supervision strategies by making the probation officer aware of the defendant's living environment, and standard of living; by facilitating the development of rapport with the defendant's family members, friends, and other members of the defendant's support network; and by providing an environment that may in some cases be more conducive to open and honest communication with the probation officer.)"*

G.    *Standard Condition 13*

Standard Condition 13 states, "The defendant as directed by the Probation Officer, shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the Probation Officer to make such notification and to confirm the defendant's compliance with such notification requirement." (DE # 297 at 4.) The parties agree that this condition is overly broad. Accordingly, the court removes Standard Condition 13.

H.    *Special Condition 2*

Special Condition 2 states, "The defendant shall neither possess nor have under his control any matter that is pornographic or that depicts or describes sexually explicit

7

conduct as defined by Title 18 USC § 2256, or any matter depicting or describing sexual activity involving a person or persons 18 years old or younger." (DE # 297 at 4.) The court agrees with Angle that this condition violates his First Amendment rights. *See Kappes*, 782 F.3d at 853-53. Accordingly, the court modifies and replaces Special Condition 2 with the following:

> "You must not possess or have under your control any matter that depicts or describes sexually explicit conduct (as defined in 18 U.S.C. § 2256) involving a person under the age of 18. ***(This condition serves the statutory sentencing purposes of deterrence, public protection, and rehabilitation. It also enables the probation officer to satisfy the statutory requirements to keep informed as to the conduct and condition of the defendant and to aid the defendant in bringing about improvements in his conduct and condition.)***"

I.      *Special Condition 4*

Special Condition 4 states, "The defendant shall not have contact with children 18 years old or younger." (DE # 297 at 4.) Angle argues that this condition is overly broad and prohibits contact in the course of normal commercial business, or in unintentional interactions. (DE # 390 at 7.) The court agrees. *See United States v. Goodwin*, 717 F.3d 511, 524 (7th Cir. 2013). Accordingly, the court modifies and replaces Special Condition 4 with the following two conditions:

> "You must not have direct contact with any child you know or reasonably should know to be under the age of 18, not including your own children, without the permission of the probation officer. If you do have any direct contact with any child you know or reasonably should know to be under the age of 18, not including your own children, without the permission of the probation officer, you must report this contact to the probation officer within 24 hours. Direct contact includes written communication, in-person communication, telephonic communication, electronic communication or physical contact. Direct contact does not include incidental contact during

8

ordinary daily activities in public places. *(This condition serves the statutory sentencing purposes of public protection and rehabilitation. It also enables the probation officer to satisfy the statutory requirements to: keep informed as to the conduct and condition of the defendant; report the defendant's conduct and condition to the sentencing court; and to aid the defendant in bringing about improvements in his conduct and condition. Finally, it allows the probation officer to implement supervision methods demonstrated by social science to be effective at achieving positive outcomes.)*"

"You must not go to, or be at, any place where you know or reasonably should know that children under the age of 18 are likely to be, including parks, schools, playgrounds, and childcare facilities. You also must not go to, or be at, a place for the primary purpose of observing or contacting children under the age of 18. *(This condition serves the statutory sentencing purposes of public protection and rehabilitation. It also enables the probation officer to satisfy the statutory requirements to: keep informed as to the conduct and condition of the defendant; report the defendant's conduct and condition to the sentencing court; and aid the defendant in bringing about improvements in his conduct and condition. Finally, it allows the probation officer to implement supervision methods demonstrated by social science to be effective at achieving positive outcomes.)*"

J.   *Special Condition 5*

Special Condition 5 states:

The defendant shall participate in sexual offender testing and evaluations to include psychological examinations, behavioral assessments and polygraph examinations. The defendant shall also enter and attend sex offender specific group and individual counseling at an approved outpatient treatment program, if warranted from the testing, evaluations and assessments. The defendant shall participate in a co-payment program to offset the cost of such treatments, testings, examinations, evaluations and assessments. The co-payment amount is based on annual poverty guidelines established by the U.S. Department of Health and Human Services on a sliding scale basis. The co-payment amount shall not exceed an amount determined by the probation officer's sliding scale for monthly co-payment.

(DE # 297 at 4.) The parties agree that this condition should be modified. Accordingly, the court modifies and replaces Special Condition 5 with the following:

> "You must participate in a sex offense-specific assessment and treatment program. You must comply with all of the requirements and restrictions of that program, including plethysmograph testing and visual response testing. You must pay the costs of this program if financially able. *(This condition serves the statutory sentencing purposes of public protection and rehabilitation. It also enables the probation officer to satisfy the statutory requirements to: keep informed as to the conduct and condition of the defendant; report the defendant's conduct and condition to the sentencing court; and aid the defendant in bringing about improvements in his conduct and condition. The purposes of sex offense-specific assessments are to: assess the defendant's risk for reoffending and current amenability for treatment; guide and direct specific recommendations for the defendant's conditions of treatment and supervision; provide information that will help to identify the optimal setting, intensity of intervention, and level of supervision; and assess the potential dangerousness of the defendant. The purposes of sex offense-specific treatment are to help those who have committed sex offenses: accept responsibility for sexually deviant thoughts and behavior; develop an increased level of recognition and focus on details of actual sexual behavior; and recognize the arousal patterns, fantasies, planning, and rationalizations of the defendant's sexually deviant thoughts and behavior. Physiological testing, including plethysmograph testing and visual reaction testing may be beneficial as an adjunct to sex offense-specific treatment and may allow the probation officer and the treatment provider to ascertain the arousal pattern of the defendant and to assess the defendant's progress in treatment.)*"

K.   *Special Condition 6*

Special Condition 6 states, "The defendant shall not have personal access to computer internet services and the probation officer shall have access to the defendant's personal computer to verify the same." (DE # 297 at 4.) Defendant objects to this condition on the basis that a complete ban on internet access involves a greater deprivation of his liberty than is necessary and interferes with rehabilitation. (DE # 390

10

at 8.) The Probation Office and Government agree that this condition should be modified. Accordingly, the court modifies and replaces Special Condition 6 with the following:

> "You must not access the Internet except for reasons approved in advance by the probation officer. You must submit your computers (as defined in 18 U.S.C. § 1030(e)(1)) or other electronic communications or data storage devices or media to a search. You must warn any other people who use these computers or devices capable of accessing the Internet that the devices may be subject to searches pursuant to this condition. A probation officer may conduct a search pursuant to this condition only when reasonable belief exists that there is a violation of a condition of supervision and that the computer or device contains evidence of this violation. Any search must be conducted at a reasonable time and in a reasonable manner.
>
> Also, you must allow the probation officer to install computer monitoring software on any computer you use. To ensure compliance with the computer monitoring condition, you must allow the probation officer to conduct periodic, unannounced searches of any computers (as defined in 18 U.S.C. § 1030(e)(1)) subject to computer monitoring. These searches shall be conducted for the purposes of determining whether the computer contains any prohibited data prior to installation of the monitoring software; to determine whether the monitoring software is functioning effectively after its installation; and to determine whether there have been attempts to circumvent the monitoring software after its installation. You must warn any other people who use these computers that the computers may be subject to searches pursuant to this condition. ***(This condition serves the statutory sentencing purposes of deterrence, public protection, and rehabilitation. It also enables the probation officer to satisfy the statutory requirements to keep informed as to the conduct and condition of the defendant and to aid the defendant in bringing about imrpovements in his conduct and condition. Finally, it enables the probation officer to allow the defendant access to computers and internet-connected devices for a variety of reasons while monitoring and potentially deterring future violations of supervision. In the case of an identified victim, a monitoring condition allows the probation officer to monitor the defendant's Internet access and be alerted to any attempts to locate the victim on the Internet or attempts to contact the victim via the Internet.)***"

*L.     Special Condition 7*

Special Condition 7 states:

> The defendant shall submit his person and any property, house, residence, vehicle, papers, computer, other electronic communication or data storage devices or media and effects to search at any time, with or without a warrant, by any law enforcement or probation officer with reasonable suspicion concerning a violation of a condition of supervision or unlawful conduct by the defendant.

(DE # 297 at 4.) Angle argues that this condition is overly broad and results in a greater deprivation of his liberty than is necessary. (DE # 390 at 9.) The Probation Office and Government agree that the condition should be modified. Accordingly, the court modifies and replaces Special Condition 7 with the following:

> "You must submit your person, property, house, residence, vehicle, papers, computers (defined in 18 U.S.C. § 1030(e)(1)), other electronic communications or data storage devices or media, or office, to a search, with or without a warrant, conducted by a law enforcement officer or a probation officer. Failure to submit to a search may be grounds for revocation of release. You must warn any other occupants that the premises may be subject to searches pursuant to this condition. A search under this condition may only be conducted when reasonable suspicion exists that you have violated a condition of supervision and that the areas to be searched contain evidence of this violation. Any search must be conducted at a reasonable time and in a reasonable manner. Any search beyond "plain-view" requires prior approval by the court. ***(This condition serves the statutory sentencing purposes of deterrence, public protection, and rehabilitation. It also enables the probation officer to satisfy the statutory requirements to: promote public safety through effective oversight of the higher-risk defendants; keep informed as to the conduct and condition of the defendant; and aid the defendant in bringing about improvements in his conduct and condition. Finally, it may also deter criminal conduct and permit a probation officer to intervene quickly when reasonable suspicion exists that a defendant has engaged in criminal conduct or otherwise violated a condition of supervision.)***"

## IV. CONCLUSION

For the foregoing reasons, pursuant to 18 U.S.C. § 3583(e)(2) and Federal Rule of Criminal Procedure 32.1(c)(2), defendant's motion (DE ## 378, 390) is **GRANTED with relief different than requested**. The court modifies and replaces the conditions of supervised release contained in the judgment entered on April 24, 2008, on the terms identified in this opinion and order. All other terms of defendant's sentence, imposed on April 24, 2008, remain unchanged.

**SO ORDERED.**

Date: September 27, 2019

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT